IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 4:23-CR-3010 |
| vs. | REVISED TENTATIVE FINDINGS |
| MICHAEL GLASPIE, | |
| Defendant. | |

The Court has received the second revised presentence investigation report in this case, dated July 20, 2023. The defendant has objected to the presentence report (filing 30), moved for a downward departure (filing 32), and moved for a downward variance (filing 33).

IT IS ORDERED:

1. The Court will consult and follow the Federal Sentencing Guidelines to the extent permitted and required by *United States v. Booker*, 543 U.S. 220 (2005) and subsequent cases. In this regard, the Court gives notice that, unless otherwise ordered, it will:

    (a) give the advisory Guidelines respectful consideration within the context of each individual case and will filter the Guidelines' advice through the 18 U.S.C. § 3553(a) factors, but will not afford the Guidelines any particular or "substantial" weight;

    (b) resolve all factual disputes relevant to sentencing by the greater weight of the evidence and without the aid of a jury;

    (c)    impose upon the United States the burden of proof on all Guidelines enhancements;

    (d)    impose upon the defendant the burden of proof on all Guidelines mitigators;

    (e)    depart from the advisory Guidelines, if appropriate, using pre-*Booker* departure theory; and

    (f)    in cases where a departure using pre-*Booker* departure theory is not warranted, deviate or vary from the Guidelines when there is a principled reason justifying a sentence different than that called for by application of the advisory Guidelines, again without affording the Guidelines any particular or "substantial" weight.

2.    The defendant objects to the presentence report in four primary respects. Filing 30. First, the defendant objects to the presentence report's failure to include a six-level departure provided for by the parties' plea agreement. Filing 30 at 1. The parties agreed that a departure is warranted because the loss calculation in this case overstates the seriousness of the defendant's offense, so the Court infers that the parties want the Court to depart downward pursuant to U.S.S.G. § 5K2.0(a)(3) ("[a] departure may be warranted in an exceptional case, even though the circumstance that forms the basis for the departure is taken into consideration in determining the guideline range, if the court determines that such circumstance is present in the offense to a degree substantially in excess of, or substantially below, that which ordinarily is involved in that kind of offense.")

But the probation officer's duty in preparing the presentence report is to apply the Guidelines as written, based on the facts. The Court's tentative

finding, then, is that the defendant's *objection* to the presentence report's failure to include a 6-level departure is without merit—rather, whether the Court should or should not depart downward is a decision for the Court to make in the context of the defendant's motion for departure, also based on the parties' agreement. *See* filing 32.

The defendant's remaining objections are somewhat confusing. First, the defendant "does not agree that $2,424,971.00 is the money gained and kept though he takes full responsibility for its misappropriation." Filing 30 at 1. But in the plea agreement, the parties agreed that the defendant "misappropriated at least $2,424,971 of investor funds for personal purposes, including trading cryptocurrency, paying his employees' salaries, and buying a life insurance policy for a family member." Filing 14 at 4; *see also* filing 32 at 23, 38-40. It's not immediately apparent to the Court how "money gained and kept" is different from "misappropriated . . . for personal purposes."

Similarly, the defendant objects to the assessment of a two-level enhancement to the offense level pursuant to U.S.S.G. § 2B1.1(b)(9)(C) for violation of a prior administrative order—specifically, a consent order issued by the Michigan Department of Licensing and Regulatory Affairs. Filing 30 at 1-2. The defendant asserts that he didn't knowingly violate the Michigan order. Filing 30 at 1-2. But in the plea agreement, he not only stipulated to having "knowingly violated the [Michigan] order," he specifically agreed to the two-level enhancement. Filing 14 at 4, 6; *see also* filing 32 at 39-40.

Generally, if the defendant objects to any of the factual allegations contained therein on an issue on which the government has the burden of proof, such as the base offense level and any enhancing factors, the

- 3 -

government must present evidence at the sentencing hearing to prove the existence of the disputed facts. *United States v. Poor Bear*, 359 F.3d 1038, 1041 (8th Cir. 2004). So, if the defendant presses these objections, the Court will take them up on the evidence at sentencing (although the defendant's statements under oath at the change of plea hearing, *see* filing 32 at 38-40, are likely to carry weight, *cf. Nguyen v. United States,* 114 F.3d 699, 703 (8th Cir. 1997)).[1]

The defendant also objects to the suggestion in the presentence report that after pleading guilty, the defendant "has made contact with several of the victims regarding other investment opportunities." The defendant's objection is that he "never *knowingly* made contact," filing 30 at 2 (emphasis supplied)—which, the Court notes, isn't quite the same thing as denying any contact at all. The Court also notes that this suggestion from the probation officer doesn't appear to affect the guidelines range. But to the extent necessary, the Court will resolve this issue on the evidence at sentencing.

The defendant has also, as previously stated, moved for a 6-level downward departure based on the parties' agreement that the total loss calculation of over $55,000,000 overstates the defendant's culpability, and that "the gain to the defendant, $2,424,971, is a better measure of the defendant's true culpability." Filing 32 at 2; *see* filing 14 at 6. The Court will resolve that motion at sentencing. And the defendant has moved for a downward variance based on his personal circumstances and

---

[1] Whether these denials jeopardize the plea agreement, *United States v. Swisshelm*, 848 F.3d 1157, 1159 (8th Cir. 2017), is a matter the Court need not consider until raised by the parties.

the circumstances of the offense. Filing 33. The Court will also resolve that motion at sentencing.

3. Except to the extent, if any, that the Court has sustained an objection, granted a motion, or reserved an issue for later resolution in the preceding paragraph, the parties are notified that the Court's tentative findings are that the presentence report is correct in all respects.

4. If any party wishes to challenge these tentative findings, that party shall, as soon as possible (but in any event no later than three (3) business days before sentencing) file with the Court and serve upon opposing counsel an objection challenging these tentative findings, supported by a brief as to the law and such evidentiary materials as are required, giving due regard to the local rules of practice governing the submission of evidentiary materials. If an evidentiary hearing is requested, such filings should include a statement describing why a hearing is necessary and how long such a hearing would take.

5. Absent timely submission of the information required by the preceding paragraph, the Court's tentative findings may become final and the presentence report may be relied upon by the Court without more.

6. Unless otherwise ordered, any objection challenging these tentative findings shall be resolved at sentencing.

Dated this 29th day of August, 2023.

BY THE COURT:

_John M. Gerrard_
John M. Gerrard
Senior United States District Judge