IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 4:23-CR-3010 |
| vs. | |
| MICHAEL GLASPIE, | ORDER |
| Defendant. | |

The Court has received a notice of appeal filed by the defendant's counsel (filing 85), a notice of appeal filed by the defendant *pro se* (filing 86), and a motion for reconsideration filed by the defendant *pro se* (filing 87). This Court's rules provide that

> [o]nce an attorney is appointed or retained, all further documents and other communications with the court must be submitted through the attorney, unless the court permits otherwise. Any further pro se documents or other communications submitted to the court may be (1) returned unfiled to the sending party or (2) forwarded to the sending party's attorney.

NEGenR 1.3(i). Accordingly, the defendant's *pro se* filings will be stricken and the Clerk of the Court will be directed to process the defendant's appeal pursuant to the notice of appeal filed by counsel.[1]

---

[1] The Court would have denied the motion in any event. *Cf.* Fed. R. Crim. P. 37(a)(2) (if a motion is made that the Court lacks authority to grant because of an appeal, the Court may deny the motion). Although the defendant's motion (filing 87) refers to Fed. R. Civ. P. 60(b),

IT IS ORDERED:

1. Filing 86 and filing 87 are stricken.

2. The defendant is entitled to proceed on appeal in forma pauperis without further authorization pursuant to Fed. R. App. P. 24(a)(3).

3. The Clerk of the Court is directed to process the defendant's notice of appeal (filing 85) to the U.S. Court of Appeals for the Eighth Circuit.

4. The Clerk of the Court shall provide a copy of this order to the Clerk of the Court for the U.S. Court of Appeals for the Eighth Circuit.

Dated this 7th day of July, 2025.

BY THE COURT:

John M. Gerrard
Senior United States District Judge

---

that is a rule of civil procedure and this is a criminal case. *See United States v. Eggleston*, 24 F. App'x 656 (8th Cir. 2002). But to the extent that the same standards apply to a "motion to reconsider" in this context, the Court finds no basis to reconsider its ruling when the grounds for reconsideration were already presented to the Court. *See United States v. Smith*, 544 F. Supp. 3d 859, 860 (S.D. Iowa 2021), *aff'd,* No. 21-2475, 2021 WL 5766293 (8th Cir. July 9, 2021) (citing *United States v. Luger*, 837 F.3d 870, 879 (8th Cir. 2016)) (motion for reconsideration serves limited function of correcting manifest errors of law or fact or presenting newly discovered evidence).