IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>MICHAEL GLASPIE,<br><br>Defendant. | 4:23-CR-3010<br><br>ORDER |

This matter is before the Court on its own motion to take up the matter of restitution. Restitution is mandatory in this case pursuant to 18 U.S.C. § 3663A(c)(1)(B), and in his plea agreement the defendant agreed that he would be "ordered to pay restitution of at least $54,647,930, joint and several with any restitution ordered in *United States v. Chandran*, 4:22-CR-3077 (D. Neb.)." Filing 14 at 8; *see also* filing 20 at 24-25.

But at the time of sentencing in this matter, the defendants in 4:22-CR-3077—Neil Suresh Chandran and Bryan Lee—had yet to be sentenced. So, at that time, the Court indicated that it would take up the amount of restitution in this case at the conclusion of Chandran's case. Filing 60 at 67.

Judge Bazis has now sentenced Chandran and Lee. Case no. 4:22-CR-3077 filing 438 and filing 440. In his plea agreement, Chandran agreed to pay restitution of at least $45,000,000. Case no. 4:22-CR-3077 filing 391 at 8. Lee agreed to pay at least $54,647,930, same as the defendant here. Case no. 4:22-CR-3077 filing 385 at 7. But at sentencing, Judge Bazis ordered each to pay $21,737,227.38 in restitution, jointly and severally with one another and the defendant in this case. Case no. 4:22-CR-3077 filing 438 at 6-7; filing 438-1; filing 440 at 6-7; filing 440-1.

That all leaves the Court with an obligation to order restitution in this case, and a lot of different numbers to choose from. It seems to the Court as if the appropriate course would be to order restitution from the defendant in the same amount as Chandran and Lee were ordered to pay, using the same list of victims. *See* Case no. 4:22-CR-3077 filing 438-1; filing 440-1. But before committing to that, the Court needs input from the parties.

Additionally, the Court notes that the defendant was represented by retained counsel through sentencing, but that representation seems to have terminated. *See* filing 56. The Court finds that the defendant is eligible for appointment of counsel pursuant to the Criminal Justice Act, 18 U.S.C. §3006A, and Amended Criminal Justice Act Plan for the District of Nebraska. *See* filing 9; filing 47 at 27. Accordingly, the Court will appoint counsel to represent the defendant with respect to restitution.

IT IS ORDERED:

1. Dana C. Bradford, III is appointed to represent the defendant solely with respect to the matter of restitution, and subject to that limitation shall promptly enter an appearance as counsel for the above-named defendant.

2. The Federal Public Defender's Office shall provide counsel with a draft appointment order (CJA Form 20) bearing the name and other identifying information of the CJA Panel attorney identified in accordance with the Criminal Justice Act Plan for this district.

3. The Clerk shall provide a copy of this order to the Federal Public Defender for the District of Nebraska and to the appointed attorney.

4. On or before October 14, 2026, the government shall file a motion for an amended judgment awarding restitution in an amount to be specified, supported by whatever evidence or stipulations are necessary to establish the propriety of that amount.

5. The defendant may respond to the government's motion on or before October 28, 2026. The government may reply in support of its motion on or before November 4, 2026.

Dated this 14th day of September, 2026.

BY THE COURT:

John M. Gerrard
Senior United States District Judge